## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIMON PFEIFER, ISABEL BOTELLO, and KARI WHALEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOYOLA UNIVERSITY OF CHICAGO,<br><br>Defendant. | Case No. 20-cv-03116<br><br>Honorable Robert W. Gettleman |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I.   FACTUAL AND PROCEDURAL BACKGROUND ........................................ 1

II.  MATERIAL TERMS OF THE SETTLEMENT AGREEMENT ....................... 2

    A.  Class Definition .................................................................................... 3

    B.  Non-Reversionary Settlement Fund With Automatic Payments ............ 3

    C.  Release .................................................................................................. 4

    D.  Notice and Administration Expenses .................................................... 4

    E.  Service Awards ..................................................................................... 4

    F.  Attorneys' Fees .................................................................................... 4

III. ARGUMENT ................................................................................................ 5

    A.  The Proposed Settlement Class is Appropriate Under Rule 23 ............. 5

        1.  Rule 23(a) Is Satisfied ............................................................... 5

        2.  Rule 23(b)(3) Is Satisfied .......................................................... 7

            a.  Common questions of law or fact predominate. ............... 8

            b.  Class settlement is superior to alternate methods of adjudication. .................................................................. 8

    B.  The Settlement Is Fair and Reasonable ................................................ 9

        1.  The Settlement Is Reasonable ................................................... 10

        2.  Continued Litigation Would Be Complex, Lengthy, And Expensive ................................................................................ 11

        3.  There Is No Opposition to The Settlement ................................ 11

        4.  Experienced Counsel Recommend the Settlement ..................... 12

        5.  A Settlement at This Stage Benefits Class Members .................. 12

    C.  Berger Montague PC and Fegan Scott LLC Should Be Appointed as Class Counsel .................................................................................... 12

    D.  Plaintiffs Simon Pfeifer, Isabel Botello, And Kari Whalen Should Be Appointed as Settlement Class Representatives .................................. 13

    E.  The Proposed Class Notice Plan Provides The Best Practicable Notice In Easily Understood Language .......................................................... 13

IV.  CONCLUSION ........................................................................................... 15

i

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
 521 U.S. 591 (1997) ................................................................................5, 8

*American Int'l Group, Inc. v. ACE INA Holdings, Inc.*,
 Nos. 07 C 2898, 09 C 2026, 2011 WL 3290302 (N.D. Ill. July 26, 2011) ...........................10

*Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*,
 616 F.2d 305 (7th Cir. 1980) ....................................................................10

*Chaffee v. A&P Tea Co.*,
 Nos. 79 C 2735 and 79 C 3625, 1991 WL 5859 (N.D. Ill. Jan. 16, 1991) ...........................13

*CV Reit, Inc. v. Levy*,
 144 F.R.D. 690 (S.D. Fla. 1992) ..................................................................7

*E.E.O.C. v. Hiram Walker & Sons, Inc.*,
 768 F.2d 884 (7th Cir. 1985) ......................................................................5

*Eddlemon v. Bradley Univ.*,
 65 F.4th 335 (7th Cir. 2023) .....................................................................11

*Felzen v. Andreas*,
 134 F.3d 873 (7th Cir. 1998) .....................................................................10

*Gen. Tel. Co. of the Sw. v. Falcon*,
 457 U.S. 147 (1982) ...............................................................................9

*Gociman v. Loyola Univ. of Chi.*,
 41 F.4th 873 (7th Cir. 2022) ......................................................................2

*Harris v. Circuit City Stores, Inc.*,
 No. 07-cv-2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) ...................................12

*Haynes v. Logan Furniture Mart, Inc.*,
 503 F.2d 1161 (7th Cir. 1974) .....................................................................8

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
 270 F.R.D. 330 (N.D. Ill. 2010) ................................................................11

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) ...........................................................................10

*In re TikTok, Inc., Consumer Privacy Litig.*,
    565 F. Supp. 3d 1076 (N.D. Ill. 2021) ................................................................ 7

*Isby v. Bayh*,
    75 F.3d 1191 (7th Cir. 1996) ................................................................................ 5

*Kaufman v. Am. Express Travel Related Servs. Co.*,
    264 F.R.D. 438 (N.D. Ill. 2009) .........................................................................12

*McCabe v. Crawford & Co.*,
    210 F.R.D. 631 (N.D. Ill. 2002) ........................................................................... 5

*Parker v. Risk Mgmt. Alternatives, Inc.*,
    206 F.R.D. 211 (N.D. Ill. 2002) ........................................................................... 6

*Reliable Money Order, Inc. v. McKnight Sales Co.*,
    704 F.3d 489 (7th Cir. 2013) ..............................................................................12

*Synfuel Techs., Inc. v. DHL Express (USA)*, Inc.,
    463 F.3d 646 (7th Cir. 2006) ..............................................................................10

*Tyson Foods, Inc. v. Bouaphakeo*,
    577 U.S. 442 (2016) ............................................................................................. 8

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) .................................................................................13

**Rules**

Fed. R. Civ. P. 23 ..........................................................................................................5, 9

Fed. R. Civ. P. 23(a) ..................................................................................................5, 7, 9

Fed. R. Civ. P. 23(a)(1) ................................................................................................... 5

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 6, 7

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 6, 7

Fed. R. Civ. P. 23(a)(4) ................................................................................................... 7

Fed. R. Civ. P. 23(b) ....................................................................................................5, 8

Fed. R. Civ. P. 23(b)(3) ................................................................................5, 7, 8

Fed. R. Civ. P. 23(c)(2)(B) ..............................................................................13, 14

Fed. R. Civ. P. 23(e) ........................................................................................10, 13

Fed. R. Civ. P. 23(e)(1)(B) ................................................................................... 5

Fed. R. Civ. P. 23(e)(2) ....................................................................................... 9

Fed. R. Civ. P. 23(g) ............................................................................................13

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) ......................................................................12

Fed. R. Civ. P. 23(g)(1)(B), (2), (4) ...................................................................12

Plaintiffs Simon Pfeifer, Isabel Botello, and Kari Whalen (collectively, "Plaintiffs"), students at Defendant Loyola University of Chicago ("Loyola," the "University" or "Defendant") during the Spring 2020 semester, allege that Loyola breached a contractual agreement to provide them, and similarly situated students, with promised in-person instruction and campus access.[1] This Court dismissed Plaintiffs' First Amended Complaint, however the U.S. Court of Appeals for the Seventh Circuit vacated the Court's decision, in part, and remanded the case for further proceedings. Plaintiffs filed a Second Amended Complaint ("SAC") (ECF No. 51). After engaging in settlement discussions, the Parties subsequently reached an agreement to resolve the matter (the "Settlement Agreement").

The Parties' negotiated Settlement Agreement delivers immediate relief to the proposed Settlement Class.[2] It creates a $1,375,000 non-reversionary settlement fund which will automatically provide all Settlement Class Members who were assessed a Lab Fee (as defined in the Settlement Agreement) a cash reimbursement of those fees, unless the Class Member excludes him or herself from the Settlement. Any remaining funds will be allocated *pro rata* to the Remaining Settlement Class Members who have not excluded themselves. Settlement Class Members are not required to submit a claim form or take other action to receive their Fee Reimbursement or any *pro rata* share of the Remaining Net Settlement Fund.

Plaintiffs move the Court for an Order (1) preliminarily approving the proposed class action Settlement; (2) authorizing the transmission of notice of the proposed Settlement to the

---

[1] In the alternative, Plaintiffs allege that Defendant was unjustly enriched when it retained their full payments of tuition and fees.

[2] The Settlement Class is defined below. All capitalized terms in this brief have the same meaning assigned to them, *infra*, or in the Settlement Agreement.

1

proposed Class of Loyola students enrolled during the Spring 2020 semester (*See* Exhibit 1 to the Declaration of Ellen T. Noteware, the Settlement Agreement and its attachments at Exhibit A, filed concurrently herewith ("Noteware Decl.") ("Proposed Long Form Class Notice"); *see also id.* at Exhibit C. ("Proposed Short Form Class Notice") (collectively, the "Class Notices" or "Notices")); (3) certifying, for purposes of the Settlement only, the Settlement Class as defined herein; (4) appointing Plaintiffs as Settlement Class Representatives; (5) appointing the law firms of Berger Montague PC and Fegan Scott LLC as Class Counsel; (6) approving the Parties' proposed Settlement procedure, including approving the Parties' selection of KCC Class Action Services LLC as Settlement Administrator; (7) entering the proposed Order Preliminarily Approving the Proposed Settlement attached as Exhibit B to the Settlement Agreement; and (8) scheduling a Final Approval Hearing of the proposed class action Settlement.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought this action on behalf Loyola students seeking *pro rata* refunds of their tuition and fees for the Spring 2020 semester following the termination of in-person instruction, and the loss of in-person, on-campus benefits, and services, in the middle of the Spring 2020 semester. SAC at ¶ 1. Plaintiffs allege that they and the Settlement Class Members did not receive the full semester's worth of in-person instruction and on-campus benefits for which they had bargained and paid. *Id.* at ¶ 5. Plaintiffs brought claims for breach of contract or, alternatively, unjust enrichment, and sought damages and/or restitution on their behalf and on behalf of the Settlement Class in the form of tuition and fee refunds for the period during which they were denied on-campus instruction and access to campus facilities and resources. *Id.* at ¶ 6.

Former plaintiff Andreea Gociman filed the initial complaint in this action on May 26, 2020. ECF No. 1 (the "Complaint"). Defendant moved to dismiss the Complaint on August 14, 2020. On September 4, 2020, Ms. Gociman filed the Amended Class Complaint (ECF No. 17,

the "FAC"), adding Plaintiffs Simon Pfeifer, Isabel Botello, and Kari Whalen. On September 29, 2020, Defendant moved to dismiss the FAC (ECF Nos. 21-22) and on January 25, 2021, the Court dismissed the FAC with prejudice. ECF No. 37.

Plaintiffs appealed the Court's decision to the U.S. Court of Appeals for the Seventh Circuit, which affirmed in part, vacated in part, and remanded for further proceedings. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873 (7th Cir. 2022). On November 15, 2022, the Seventh Circuit denied Loyola's Petition for Rehearing *En Banc*. *Gociman v. Loyola Univ. of Chi.*, No. 21-1304, 2022 WL 16954353 (7th Cir. Nov. 15, 2022). On November 23, 2022, the case was remanded and returned to the Court for further proceedings. *See* ECF Nos. 44-47.

Plaintiffs filed the SAC on January 6, 2023, which Loyola answered on February 3, 2023. ECF Nos. 51, 55. Defendant raised nineteen (19) Affirmative and Other Defenses. ECF No. 55 at 38-41. Recognizing the risks of litigation and the desire to avoid expensive discovery and provide more immediate relief to the Class, the Parties actively attempted to resolve this dispute. *See* ECF No. 57. After being informed of these discussions, the Court granted the Parties' request for a stay until March 13, 2023. ECF No. 58. The Parties spent several months negotiating an acceptable resolution to this case—one that provides tangible, immediate, and automatic relief.[3]

## II.    MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

The material terms of the Settlement Agreement are briefly summarized as follows:

---

[3] On March 13, 2023, the Parties notified the Court that they had reached a settlement in principle to resolve the case on behalf of the proposed Class and requested an additional 60-day stay. ECF No. 59. The Court granted the Parties' request and stayed the case through May 12, 2023. ECF No. 60. The Parties required several additional months to finalize their agreement as they reviewed the pertinent information related to fees. The Parties jointly requested additional time, which the Court allowed. *See* ECF Nos. 61-66.

A.    **Class Definition**

The "Settlement Class" is defined as:

All students enrolled in any Loyola program who were assessed any tuition or
Fees for the Spring 2020 semester, with the exception of (i) any person enrolled
in online-only courses for the Spring 2020 semester, (ii) any person who withdrew
from Loyola on or before March 17, 2020, (iii) any person who requested to block
the release of his/her Directory Information and has not agreed to remove that
block; (iv) any person who properly executes and files a proper and timely opt-
out request to be excluded from the Settlement Class; and (v) the legal
representatives, successors, or assigns of any such excluded person.

Settlement Agreement ¶ dd.

B.    **Non-Reversionary Settlement Fund With Automatic Payments**

Each Settlement Class Member who was assessed any Lab Fees during the Spring 2020

semester will receive a pro-rata refund of those fees ("Fee Reimbursement"). "Lab Fees" are

defined as "the Biology Science Lab fee, the Physics Science Lab fee, the Chemistry Science

Lab fee, Language Lab fees and the Fine Arts Lab fee assessed to Loyola students enrolled in

classes during the Spring 2020 semester." *Id.* ¶ 1.

After payment of the Fee Reimbursement to any Settlement Class Member who was

assessed Lab Fees during the Spring 2020 Semester, the Remaining Net Settlement Fund will be

allocated *pro rata* to the Remaining Settlement Class Members based on the ratio of (a) the total

number of Remaining Settlement Class Members (i.e. Settlement Class Members who were not

assessed Lab Fees) to (b) the Remaining Net Settlement Fund (i.e. the Net Settlement Fund less

the portion allocated to Settlement Class Members who were assessed the Lab Fees). The resulting

ratio will be multiplied by the Remaining Net Settlement Fund to determine each Remaining

Settlement Class Member's Settlement Benefit. *Id.* ¶ 2.

Each Settlement Class Member's Settlement Benefit will be distributed to that Settlement

Class Member automatically, with no action required by that Settlement Class Member. *Id.* ¶ 4.

3

Settlement Class Members who do not specify otherwise via a form on the Settlement Website will be paid by a check issued by the Settlement Administrator. The check will be mailed by first class U.S. Mail by the Settlement Administrator to the Settlement Class Member's last known mailing address on file with Loyola's Office of Registration and Records. *Id.*

No portion of the Settlement Fund will revert to Defendant. Rather, any amounts from uncashed checks shall be donated, as a *cy pres* award, to After School Matters. *Id.* ¶ 6.

### C.     Release

In exchange for the above relief, Releasing Settlement Class Parties shall be deemed to have, and by operation of law and of the Final Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged all Released Claims against the Released Loyola Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against the Released Loyola Parties. *Id.* ¶¶ 7-10.

### D.     Notice and Administration Expenses

The Settlement Fund will pay the cost of settlement Administrative Expenses, which includes sending the Class Notice set forth in the Settlement and any other notice as required by the Court, and all costs of administering the Settlement. *Id.* ¶ 33. After soliciting multiple requests for proposals, Plaintiffs have identified a reputable administrator, KCC Class Action Services LLC, to facilitate notice and administration. *Id.* ¶ aa.

### E.     Service Awards

In recognition for their efforts on behalf of the Settlement Class, the Parties agreed that Plaintiffs may seek individual Service Awards not to exceed $5,000 each. *Id.* ¶ 44.

### F.     Attorneys' Fees

The Settlement Agreement provides that the Settlement Fund may also pay Class Counsel reasonable attorneys' fees and to reimburse case expenses, in an amount to be approved by the

Court. *Id.* ¶ 46. Class Counsel will apply for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus reimbursement of out-of-pocket expenses. *Id.*

## III.  ARGUMENT

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) (citing *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-89 (7th Cir. 1985), *cert. denied*, 478 U.S. 1004 (1986)). In deciding whether to preliminarily approve a settlement and direct notice, a court must determine whether it "will likely be able to" both (1) certify the class for settlement purposes and (2) find that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(B).

### A.  <u>The Proposed Settlement Class is Appropriate Under Rule 23</u>

Before granting preliminary approval of a settlement, a Court must determine whether the class proposed for settlement purposes is appropriate under Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). While the ultimate decision to certify the class is not made until the final approval hearing after the preliminary approval stage, "the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. 23, Advisory Committee Note to Subdivision (e)(1). To proceed as a class action, Plaintiffs must satisfy the four prerequisites of Rule 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, at least one of the three requirements of Rule 23(b) must be met. Fed. R. Civ. P. 23(b). Here, the Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(3).

#### 1.  Rule 23(a) Is Satisfied

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Although there is no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)." *McCabe v. Crawford & Co.*, 210

F.R.D. 631, 643 (N.D. Ill. 2002). Here, Defendant represents that the Settlement Class consists of approximately 15,600 students. Noteware Decl. ¶ 9. The size of the proposed Settlement Class is more than sufficient to satisfy Rule 23(a)(1).

The commonality element of Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[A] common nucleus of operative fact is usually enough to satisfy the [commonality] requirement." *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 213 (N.D. Ill. 2002). The typicality requirement of Rule 23(a)(3) provides that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality is satisfied if a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory." *Parker*, 206 F.R.D. at 213.

Here, the claims are based on a common set of facts and Plaintiffs' claims are typical of those of the Settlement Class. Loyola transitioned its in-person Spring 2020 semester courses to remote instruction for all Settlement Class Members, barred Settlement Class Members from accessing certain campus facilities and resources, and did not provide refunds to any Settlement Class Members for tuition or certain fees. This action focuses on Defendant's common course of conduct in allegedly breaching its contract with students for in-person instruction and campus access for the Spring 2020 semester. This action presents many questions common to the Settlement Class, including: (a) whether Defendant entered into a contract with the Settlement Class for the Spring 2020 semester; (b) the terms of any such contract; (c) whether Defendant breached that contract; (d) whether the Settlement Class is entitled to damages for any such breach; (e) whether Defendant benefitted unjustly from the money it accepted from the Settlement Class for the Spring 2020 semester; and (f) the amount and nature of relief to be

awarded to Plaintiffs and the other Settlement Class Members. SAC ¶ 80. These common questions, which target the same alleged conduct by Loyola, satisfy Rule 23(a)(2).

Additionally, Plaintiffs pursue the same claims as the Settlement Class based on the same legal theories and the same alleged course of conduct: that Plaintiffs and Settlement Class Members paid Spring 2020 semester tuition and fees in exchange for in-person instruction and services that they did not receive. Thus, the typicality requirement of Rule 23(a)(3) is satisfied.

Rule 23(a) requires that "the representative party will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This prerequisite of Rule 23(a) has two components: (1) 'the representatives must not possess interests which are antagonistic to the interests of the class,' and (2) 'the representatives' counsel must be qualified, experienced and generally able to conduct the proposed litigation.'" *In re TikTok, Inc., Consumer Privacy Litig.*, 565 F. Supp. 3d 1076, 1085 (N.D. Ill. 2021) ("*TikTok I*") (quoting *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 698 (S.D. Fla. 1992)). Both components are satisfied here. The Settlement Class Representatives have not displayed any conflicts with members of the Settlement Class. Noteware Decl. ¶ 10. To date, they have vigorously represented their fellow Settlement Class Members, spending significant time assisting their counsel in this matter. *Id.* Additionally, proposed Class Counsel is highly experienced and well-versed in complex class action litigation. *See id.* ¶ 8. *See also id.* at Exhibit 2 (Berger Montague Firm Resume); *id.* at Exhibit 3 (Fegan Scott Firm Resume). Rule 23 (a)(4) is satisfied.

### 2. Rule 23(b)(3) Is Satisfied

Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(3). As to the predominance and superiority requirements of Rule 23(b)(3), when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present

intractable management problems … for the proposal is that there will be no trial." *Amchem Prods., Inc.,* 521 U.S. at 620 (explaining that subdivision 23(b)(3)(D) drops out of the analysis).

a.     *Common questions of law or fact predominate.*

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. It "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation and quotation marks omitted). "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3)." *Id.* (citation and quotation marks omitted). When "issues of law and fact common to members of" a class "may be resolved through generalized proof," "[p]redominance is met." *TikTok I*, 565 F. Supp. 3d at 1086.

Common questions of law and fact predominate here. All Settlement Class Members are students who were enrolled at Loyola during the Spring 2020 semester, and who paid tuition and fees expecting to receive in-person instruction and on-campus access and services. Determining whether Loyola breached a contract to provide students with in-person instruction and on-campus benefits for the Spring 2020 semester, or was thereby unjustly enriched, are central questions common to each Settlement Class Member's claim. Accordingly, this Court should find that common questions predominate over individual issues for settlement purposes.

b.     *Class settlement is superior to alternate methods of adjudication.*

Rule 23(b)(3) also requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). Superiority is met where, like here, "it is improbable that many 'would possess the initiative to litigate individually.'" *TikTok I*, 565 F. Supp. 3d at 1086 (quoting *Haynes v. Logan Furniture Mart, Inc.*,

8

503 F.2d 1161, 1165 (7th Cir. 1974)); *see also Amchem Prods. Inc.*, 521 U.S. at 617; *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (noting "the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23").

Here, class treatment is superior to other methods of adjudication. The maintenance of individual lawsuits by Settlement Class Members would be cost-prohibitive and an inefficient use of judicial resources. Class Counsel is unaware of any individual actions that have been instituted by Settlement Class Members. Noteware Decl. ¶ 11. Thus, both fairness and efficiency support class certification.

Class certification therefore will permit a large number of students to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently, without the duplication of effort and expense, or the burden on judicial resources, that numerous individual actions would involve. Moreover, the class action vehicle provides class members with the opportunity for a relatively expeditious resolution as opposed to continued protracted litigation. The risk that these efforts might result in no benefit at all is particularly present here, as this Court previously and completely dismissed all claims in this case. The class action device provides superior means to resolve this controversy effectively and efficiently.

As all the requirements of Rule 23(a) and (b)(3) are satisfied, certification of the Settlement Class for settlement purposes is appropriate, and this Court should preliminarily approve the Settlement.

**B.**     **The Settlement Is Fair and Reasonable**

To approve the proposed Settlement, the Court must determine that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Seventh Circuit provides a five-factor test for the Court to consider at the final approval stage: "(1) the strength of plaintiffs' case compared to the

terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *American Int'l Group, Inc. v. ACE INA Holdings, Inc.*, Nos. 07 C 2898, 09 C 2026, 2011 WL 3290302, at \*5 (N.D. Ill. July 26, 2011) ("*AIG*") (citing *Synfuel Techs., Inc. v. DHL Express (USA)*, Inc., 463 F.3d 646, 653 (7th Cir. 2006)).

"At the preliminary approval stage, however, the court's task is merely to 'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards under *Synfuel. Id.*, 2011 WL 3290302, at \*6 (citing *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (noting that at the final fairness hearing, the court will "adduce all information necessary to enable [it] intelligently to rule on whether the proposed settlement is fair, reasonable, and adequate"), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (preliminary approval determines whether the settlement is "possibly fair, reasonable, and adequate")). While not required by the Federal Rules, "courts in this in this district have performed 'a more summary version' of the final fairness inquiry at the preliminary approval stage." *Id.* (citing cases). Nonetheless, the *Synfuel* factors weigh in favor of preliminarily approving the proposed Settlement.

## 1. The Settlement Is Reasonable

At the preliminary approval stage, the Court only needs to find "that the settlement figure is within a reasonable range." *Id.*, 2011 WL 3290302, at \*7. Here, the Settlement Amount is in-line with other settlements of Spring 2020 tuition and fee refund cases that have been approved. *See, e.g.*, *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609 (D.N.H.) ($1.25M); *Martin v.*

*Lindenwood Univ.*, No. 4:20-cv-01128 (E.D. Mo.) ($1.65M); *Choi v. Brown Univ.*, 1:20-cv-001914 (D.R.I.) ($1.5M); *Fittipaldi v. Monmouth Univ.*, No. 3:20-cv-5526 (D.N.J.) ($1.3M).

The Settlement here is reasonable for two additional reasons. First, Loyola represented that it already issued partial refunds to students for certain fees they had paid for the Spring 2020 semester. Noteware Decl. ¶ 12. Second, there is uncertainty surrounding the likelihood of Plaintiffs' claims on the merits since this Court previously dismissed the case and, as noted above, Defendant raised 19 defenses in response to the SAC. ECF No. 55 at 38-41. Moreover, the Seventh Circuit recently vacated the district court's class certification order in a similar case. *See Eddlemon v. Bradley Univ.*, 65 F.4th 335 (7th Cir. 2023).

Settlement spares the litigants the uncertainty, delay, and expense of further litigation while also reducing the burden on judicial resources. Balancing the significant risks against a certain monetary recovery for the Settlement Class Members demonstrates this Settlement is fair and reasonable.

### 2. Continued Litigation Would Be Complex, Lengthy, And Expense

Another factor that weighs in favor of preliminary approval is that the Settlement provides immediate compensation to Settlement Class Members. Litigating the case through trial and appeal would likely take years and include expensive expert discovery. Settlement Class Members would also face the possibility of no recovery.

### 3. There Is No Opposition to The Settlement

"Because the parties have not yet sent the notice, it is premature to fully assess this factor." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 349 (N.D. Ill. 2010). However, at this time, the Parties are unaware of any opposition to the Settlement.

11

### 4. Experienced Counsel Recommend the Settlement

Proposed Class Counsel, Berger Montague PC and Fegan Scott LLC, both recommend the Settlement. Both firms have extensive expertise litigating and settling complex class actions. Noteware Decl. ¶ 8; *see also id.* at Exhibits 2-3. "The court is entitled to rely heavily on the opinion of competent counsel." *AIG*, WL 3290302, at *8 (internal quotation marks and citation omitted).

### 5. A Settlement at This Stage Benefits Class Members

Further litigation not only would be complex, lengthy, and expensive and runs the risk of no recovery at all for Class Members. Settlement of this litigation after three years of litigation does not put the Class at any disadvantage. In fact, given the settlement amounts reached in similar cases, the current Settlement will save Plaintiffs and the Class the costs of discovery. Courts in this District "have preliminarily approved settlements where … no discovery at all was conducted before the settlement agreement was reached." *Id.* (citing *Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 447 (N.D. Ill. 2009)).

### C. Berger Montague PC and Fegan Scott LLC Should Be Appointed as Class Counsel

Upon certifying a class, Rule 23 requires that a court appoint class counsel who will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B), (2), (4); *Harris v. Circuit City Stores, Inc.*, No. 07-cv-2512, 2008 WL 400862, at *11 (N.D. Ill. Feb. 7, 2008) (citation omitted). A court must consider (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the case; (3) counsel's knowledge of the applicable law; and (4) the resources class counsel has committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489, 498 n.7 (7th Cir. 2013).

Proposed Class Counsel satisfy Rule 23(g)'s criteria. Class Counsel has devoted substantial time, effort, and resources to this litigation, beginning with their initial investigation of Plaintiffs' allegations, continuing through dismissal of the case and successful appeal, and ending with settlement negotiations that resulted in a non-reversionary settlement fund for the Class's benefit, while taking into account the case's strengths and weaknesses. Additionally, proposed Class Counsel have extensive experience in complex and class action litigation and have served as class counsel in an assortment of complex class actions. Noteware Decl., Exhibits 2-3. They should be appointed as Class Counsel here.

### D. Plaintiffs Simon Pfeifer, Isabel Botello, And Kari Whalen Should Be Appointed as Settlement Class Representatives

The Court should also appoint Plaintiffs as Class Representatives. Plaintiffs have spent time and effort representing the Class, including significant time assisting counsel, providing information regarding Defendant's policies and practices, reviewing and approving multiple amended complaints before filing, participating in the appellate process that revived the Action, and consulting with counsel during settlement negotiations. Noteware Decl. ¶ 10.

### E. The Proposed Class Notice Plan Provides The Best Practicable Notice In Easily Understood Language

Under Rule 23(c)(2) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice requirements are "designed to guaranty that those bound by the ruling in a class action were accorded their due process rights to notice and an opportunity to be heard." *Chaffee v. A&P Tea Co.*, Nos. 79 C 2735 and 79 C 3625, 1991 WL 5859, at *2 (N.D. Ill. Jan. 16, 1991). Notice is "adequate if it may be understood by the average class member." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (internal

quotations and citations omitted). The form of Class Notice proposed here complies with all of these requirements. *See* Noteware Decl., Exhibit 1 at Exhibits A and C.

The proposed Class Notice provides detailed information about the Settlement, including: (1) a comprehensive summary of the terms; (2) Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and Service Awards for named Plaintiffs; and (3) detailed information about the Released Claims. *See id*. It also provides information about the Final Approval Hearing date, the rights of Settlement Class Members to seek exclusion from the Class or to object (and the deadlines and procedure for doing so), and the procedure to receive additional information. *Id.* It fully informs Settlement Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions and exceeds the Rule's requirements.

The agreed-upon notice plan satisfies the requirements of Rule 23(c)(2)(B). Loyola will provide the Settlement Administrator a list from Loyola's Office of Registration and Records containing the names and last known email and postal addresses, to the extent available, and social security numbers (for tax reporting purposes only if necessary and requested for particular Settlement Class Member(s) by the Settlement Administrator) of all Potential Settlement Class Members (the "Class List") and the names of Potential Settlement Class Members who were assessed Lab Fees for the Spring 2020. Settlement Agreement ¶ 12.

The Settlement Administrator will send the Proposed Short Form Class Notice substantially in the form attached as Exhibit 1, at Exhibits A and C, via email to persons listed on the Class List. If an email address is not available for a Potential Settlement Class Member, the Short Form Notice will be sent to the Potential Settlement Class Member's last known mailing address via U.S. Mail. Settlement Agreement ¶ 13. The Short Form Notice will advise

14

the Potential Settlement Class Members of their rights under the Settlement, including the right to be excluded from and/or object to the Settlement or its terms, and will inform Potential Settlement Class Members that they can access the Long Form Notice on the Settlement Website. Both Notices will advise Potential Settlement Class Members of the procedures outlined in Paragraphs 17-24 of the Settlement Agreement, specifying how to request exclusion from the Settlement or submit an objection to the Settlement. *See* Exhibit 1 at Exhibits A and C.

The Settlement Administrator will establish a Settlement Website that will allow Settlement Class Members to (a) update their addresses; or (b) elect to receive a Settlement Benefit by Venmo or PayPal. Settlement Agreement ¶ 5. It will also include case and Settlement documents. *Id.* ¶ 15.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion and enter the Proposed Order, attached as Exhibit B to the Settlement Agreement.

Dated: August 1, 2023      Respectfully submitted,

                /s/*Ellen T. Noteware*
                Ellen T. Noteware
                BERGER MONTAGUE PC
                1818 Market Street, Suite 3600
                Philadelphia, PA 19103
                Tel: (215) 875-3000
                Email: enoteware@bm.net

                Elizabeth A. Fegan
                Fegan Scott LLC
                150 S. Wacker Dr., 24th Floor
                Chicago, IL 60606
                Tel: (312) 741-1019
                Email: beth@feganscott.com

E. Michelle Drake
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5999
Email: emdrake@bm.net

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I, Ellen T. Noteware, an attorney, affirm that the foregoing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement was filed on August 1, 2023 on ECF, which automatically served all counsel of record.

Dated: August 1, 2023

Respectfully submitted,

 /s/*Ellen T. Noteware*
Ellen T. Noteware

17