UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIMON PFEIFER, ISABEL BOTELLO, and KARI WHALEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LOYOLA UNIVERSITY OF CHICAGO,<br><br>Defendant. | Case No. 20-cv-03116<br><br>Honorable Robert W. Gettleman |

**FINAL APPROVAL ORDER**

This matter, having come before the Court on the Class Representatives' Motion for Final Approval of the proposed class action settlement with Defendant Loyola University of Chicago ("Defendant"), the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified the Settlement Class, and the Court, being fully advised finds that:

1. On January 23, 2024, the Court held a Final Approval Hearing, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the Settlement.

2. Certification for settlement purposes of the Settlement Class, as defined by the Settlement Agreement (ECF No. 68-2 at Exhibit 1) and the Preliminary Approval Order, is appropriate pursuant to Rule 23(a), and (b) of the Federal Rules of Civil Procedure.

3. Notice to the Settlement Class required by Fed. R. Civ. P. 23(e) has been provided in accordance with the Settlement Agreement and the Preliminary Approval Order. Such Notice

has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Fed. R. Civ. P. 23(e) and due process.

4. The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by counsel for the Parties, and is supported by the Parties.

5. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, and adequate to the members of the Settlement Class, in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

6. The relief provided in the Settlement constitutes fair value given in exchange for the release of claims.

7. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.

8. It is in the best interests of the Parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party, which in any way relates to the applicability or scope of the Settlement Agreement or the Final Approval Order, should be presented exclusively to this Court for resolution.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

9. This action is a class action against Defendant on behalf of consumers defined as follows:

> All students enrolled in any Loyola program who were assessed any tuition or Fees for the Spring 2020 semester, with the exception of (i) any person enrolled in online-only courses for the Spring 2020 semester, (ii) any person who withdrew from Loyola on or before March 17, 2020, (iii) any person who requested to block

the release of his/her Directory Information and has not agreed to remove that block; (iv) any person who properly executes and files a proper and timely opt-out request to be excluded from the Settlement Class; and (v) the legal representatives, successors, or assigns of any such excluded person.

10. The Settlement Agreement submitted by the Parties for the Settlement Class is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

11. This action is hereby dismissed on the merits, with prejudice and without costs.

12. As agreed by the Parties in the Settlement Agreement, upon the Effective Date, the Released Loyola Parties shall be released and discharged in accordance with the Settlement Agreement.

13. Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Loyola Parties, as those terms are defined in the Settlement Agreement, including by participating in any class action or other representative or collective proceeding that asserts Released Claims against the Released Loyola Parties.

14. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any

dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the Parties hereto and all members of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum. However, Defendant expressly reserves and does not waive any jurisdictional defenses it may have over any claims not released by the Settlement Agreement.

15. Upon consideration of Class Counsel's application for fees and costs, the Court awards $467,908.57 as reasonable attorneys' fees and reimbursement for reasonable Litigation Expenses, to be paid from the Settlement Fund.

16. Upon consideration of the application for individual service award, each Class Representative is awarded $5,000.00 to be paid from the Settlement Fund, in consideration for the service performed for and on behalf of the Settlement Class.

17. The Settlement Administrator is approved for reimbursement of $56,669.35 in its out-of-pocket expenses in the administration of the Settlement, to be paid from the Settlement Fund.

18. The Parties' distribution plan of payments to the Settlement Class as outlined in the Settlement Agreement, following the above-approved deductions, is approved for implementation. Should funds remain after all distributions are made, and the check negotiation period provided

for in the Settlement Agreement has passed, the Parties' chosen *cy pres*, After School Matters, is approved for receiving such balance.

19. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

Date: January 23, 2024

Hon. Robert W. Gettleman
U.S. District Judge